IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| The United States of America | ) | Case No.: 6:04-744-GRA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Fausto Diaz Diaz, | ) | [Written Opinion] |
| | ) | |
| Defendant. | ) | |

This matter is before this Court based on the petition of Fausto Diaz Diaz, who filed a *pro se* motion asking this court to amend his sentence. Defendant's motion was filed June 13, 2005.

The Defendant brought this claim *pro se*, and accordingly, such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potential meritorious claim *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

In his motion the Defendant requested that his sentence be amended or otherwise clarified due to a miscommunication between the judiciary and the Bureau of Prisons. The Defendant's original sentence was a term of incarceration of forty-six months imposed on November 8, 2004.

Thereafter, on June 13, 2005, the Defendant filed his *pro se* motion with the Court

1

as a Motion to Correct That Of A Sentence Or To Modify A Sentence.

In his motion, the Defendant argued he was entitled to credit for time spent in jail while awaiting disposition of the federal charge even though he was incarcerated locally due to an arrest for Driving Under the Influence.  During such time the United States Marshal would transport the Defendant back and forth to federal court as needed from local custody.  Upon review of the Defendant's *pro se* motion, this Court issued an Order dated July 18, 2005, granting the Defendant's motion and stated the sentence was to have commenced on June 10, 2004.  The Court issued an Amended Judgment to reflect the intent of the Order.

Subsequently, the Bureau of Prisons sent a letter dated September 1, 2005, to the United States Attorneys Office stating that the Defendant's sentence of forty-six months could not be dated back to June 10, 2004, as the Defendant was not in federal custody at that time.

Consequently, the Bureau of Prisons acknowledged the Court's authority pursuant to Section 5G1.3 of the United States Sentencing Guidelines.

Based upon review of Section 5G1.3 of the United States Sentencing Guidelines, and the related application notes, in conjunction with the Bureau of Prisons recognizing the intent of the Court in it's prior sentencing of the Defendant, so as to avoid any further confusion, the Court hereby reduces the Defendant's sentence to a term of forty-one months and 27 days.  This sentence reflects the intent of this Court to effectively award credit from June 10, 2004, as in the letter sent by the Bureau of Prisons.

Both counsel for the Government and the Defendant's attorney of record, James Loggins, Esquire consent to this correction and reduction of sentence.

IT IS THEREFORE ORDERED that Defendant's motion to correct or modify his sentence is GRANTED as clarified above.

IT IS SO ORDERED.

Anderson, South Carolina
October 5, 2005

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE